IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LORAN E. WOOD, individually and as            )
Heir at Law and Administrator of the          )
ESTATE OF PHYLLIS J. WOOD, deceased,          )
                                              )
          Plaintiffs,                         )
                                              )
     vs.                                      )   Case No. 07-CV-1383
                                              )
JASON D. COTTENGIM,                           )
K & B TRANSPORTATION, INC.,                   )
HARCO NATIONAL INSURANCE CO.,                 )
                                              )
          Defendants.                         )
_____)

## AGREEMENT AND ORDER OF CONFIDENTIALITY

The parties recognize that the subject matter of this lawsuit involves confidential, proprietary, and non-publicly available business information.  Because the parties recognize the necessity of keeping this information confidential to protect their respective legitimate business interests, as well as the legitimate business interests of other non-party businesses whose confidential or proprietary information may be requested, the parties agree to the terms of this confidentiality agreement.

1.      A party may designate any document, record, thing, or other material produced by that party as "CONFIDENTIAL," including but not limited to any portion of depositions, answers to interrogatories, and testimony. All materials designated as "CONFIDENTIAL" under this Agreement and Order of Confidentiality (hereinafter "Agreement"), the information contained therein, and any summaries, copies, abstracts, or other materials derived in whole or in part from such material shall be referred to hereinafter as "Confidential Material."

1

2.      Confidential Material shall be so designated by stamping (or otherwise designating) copies of the material produced with the legend "CONFIDENTIAL." Stamping (or otherwise designating) the legend "CONFIDENTIAL" on the cover of any multi-page document (except depositions) shall designate all pages of the document as "CONFIDENTIAL," unless otherwise indicated by the producing party.

3.      The producing party shall mark any Confidential Material as "CONFIDENTIAL" at the time of producing such items.

4.      With respect to depositions taken in this case, a party choosing to designate any portion of a deposition as "CONFIDENTIAL" shall have twenty (20) working days after the receipt of the deposition transcript within which to make that designation. Until such time has elapsed, deposition transcripts are to be considered as marked "CONFIDENTIAL" in their entirety. It is understood and agreed that counsel for the parties will designate as "CONFIDENTIAL" only those portions of any deposition that said counsel decide in good faith should be so designated.

5.      Should any party wish to challenge the "CONFIDENTIAL" designation by any other party, that party may file a motion with the Court to request a ruling that the document, thing, or matter designated as confidential is not entitled to such status or protection.

6.      Confidential Materials shall be used by or on behalf of the party to whom they were produced only for the purpose of the prosecution, defense, or settlement of this action, and shall not be communicated by that party in any manner, directly or indirectly, to anyone other than those designated under paragraph 7 of this Agreement. If any Confidential Material becomes "publicly available" as the result of a breach of this Agreement, or as the result of some

other improper or inadvertent conduct, then the parties agree nonetheless to treat all such materials as confidential.

      7.     The party to whom the Confidential Materials were produced may disclose or make available such materials only to:

      (a)     counsel of record for the respective parties to this lawsuit, and their paralegal and clerical staff, each of whom shall be required to abide by the terms of this Agreement;

      (b)     officers, directors, partners, and employees of any party, each of whom shall be specifically notified of and shall be required to abide by the terms of this Agreement;

      (c)     expert witnesses or consultants engaged by counsel for a party to assist in the prosecution or defense of this action, each of whom shall separately agree in writing to be bound and governed by the terms of this Agreement;

      (d)     non-party witnesses and their counsel, if any, and only where counsel believes in good faith that the disclosure is necessary in connection with the examination and preparation of such witness, each of whom shall separately agree in writing to be bound and governed by the terms of this Agreement as set forth in Exhibit A attached hereto; and,

      (e)     the Court and court personnel, under such safeguards as the Court may direct so as to preserve and protect the Confidential Material and prevent harm to any party.

      8.     Each person described in paragraph 7 to whom Confidential Material is to be furnished, shown, or disclosed will use said Confidential Material solely for the purpose of this litigation and shall not communicate such material, directly or indirectly, to any other person except as permitted by this Agreement.

9.     It is the responsibility of counsel for each party to maintain Confidential Material in a secure and appropriate place so as to allow access to such information only to such persons as permitted pursuant to paragraph 7 of this Agreement.

10.     If Confidential Material, including any portion of a deposition transcript, is included in or with any papers to be filed in Court, such Confidential Material shall be filed under seal and shall be labeled "CONFIDENTIAL -SUBJECT TO AGREEMENT AND ORDER OF CONFIDENTIALITY" and shall also contain the following statement:

> CONFIDENTIAL -- SUBJECT TO AGREEMENT AND ORDER OF CONFIDENTIALITY
>
> This envelope (or box) contains material filed by (name of party) and is not to be opened or the contents thereof displayed or revealed except as provided for in the Agreement and Order of Confidentiality, dated _____, or by Court Order, or by written agreement of the parties.

11.     In the event any Confidential Material is used in any Court proceeding in this action, it shall not lose its confidential status through such use.

12.     If a document, other material, or testimony related thereto which a party intends to designate as confidential is inadvertently disclosed without being designated as "Confidential" in accordance with paragraph 3 of this Agreement, then the failure to so mark the document or other material shall not be deemed a waiver of its confidentiality. If it is understood by the person receiving the document or other material that confidential treatment was intended, then the document or other material or testimony should be treated as the person receiving it understands production was intended. When the document, material, or testimony is designated as confidential, all recipients thereof shall take prompt steps to assure that it is marked "Confidential," or returned to counsel for the producing party for confidential designation

4

pursuant to paragraph 3 of this Order

13.     On settlement or expiration of the time for appeal of any final judgment (or the conclusion of any appeal taken from any final judgment) all Confidential Material shall, at the written request of the party that produced it, be destroyed or returned to the producing party. All Confidential Material offered or admitted into evidence in this cause shall be withdrawn from the Court's file and returned to the producing party. All notes, drafts, memoranda, work papers, and other materials that contain Confidential Material obtained from the opposing party may be destroyed or retained by outside counsel for the obtaining party, and, if so retained, shall be preserved as confidential in accordance with the terms of this Agreement. Compliance with this paragraph shall be confirmed by an appropriate affidavit if requested by a producing party.

14.     This Agreement shall survive the final termination of this action.

15.     Nothing in this Agreement and Order of Confidentiality shall affect any matter of attorney-client privilege, work product immunity, or any other privilege or immunity.

16.     This Agreement shall not constitute a waiver by the parties of any objection that might be raised as to the admissibility of any evidentiary material. This Agreement shall be without prejudice to the rights of any party to oppose production of information for lack of relevance or for any other ground.

17.     The Court may impose sanctions on any person or entity granted access to Confidential Material hereunder who uses or discloses such information for any purpose other than as provided or permitted by the terms hereof.

18.     In those instances in which the producing party designates as "CONFIDENTIAL" all documents within a group (*e.g.*, where the producing has not had an opportunity to carefully

review each document before producing it), the producing party shall, in writing and within

thirty (30) days of the production, inform the party to whom the documents were produced

which of the documents do not require the "CONFIDENTIAL" designation.  Within thirty (30)

days thereafter, the party to whom the documents were produced may challenge the

"CONFIDENTIAL" designation of any documents in that group pursuant to paragraph 5 of this

Agreement.

      WHEREUPON, the Court, having duly considered the above Agreement, having heard

from all parties to this cause, and being of the view that the terms and conditions of the

Agreement are proper and reasonable and are based on good cause, hereby adopts said

Agreement in its entirety as the Order of this Court <u>subject, however, to the following revisions</u>:

      <u>Paragraph 10 is amended to provide for the filing of confidential documents under seal as</u>

<u>follows:</u>

      (a)      No documents shall be filed until seal until the party seeking to file such

documents has filed a motion for leave to file under seal, attaching as sealed exhibits the

document(s) the party wishes to file under seal.  The moving party shall forward a proposed

order to the court via email and shall provide the motion and document(s) sought to be filed

under seal to all other parties in the case;

      (b)      If the motion for leave to file under seal is granted, the assigned judge will enter

the order electronically authorizing the filing of the specified documents under seal.  The

assigned judge will also direct the clerk's office to grant to all attorneys who have entered an

appearance in that case (and whose appearance has not been terminated), the ability to view

sealed documents in that case.  The filing party shall then file the specified documents

electronically under seal.

IT IS SO ORDERED.

Done this 11TH day of February, 2008.


        s/   DONALD W. BOSTWICK
U.S. MAGISTRATE JUDGE

SEEN AND AGREED TO BY:


By:     s/David J. Rebein
        David J. Rebein
        Aaron L. Kite
        REBEIN BANGERTER, P.A.
        810 Frontview
        P.O. Box 1147
        Dodge City, Kansas 67801
        Attorney for Plaintiffs




By      s/Brooks Kancel
        Ron Campbell - #08861
        Brooks Kancel - #22037
        FLEESON, GOOING, COULSON & KITCH, L.L.C.
        1900 Epic Center, 301 North Main
        Wichita, Kansas  67201-0997
        Attorneys for Defendants